# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Javier Rivera Maysonet,    :
                 Petitioner    :
                                  :
          v.                      : No. 430 C.D. 2016
                                    : Submitted: September 2, 2016
Pennsylvania Board of Claims,    :
                 Respondent    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED:  October 6, 2016**

Carlos Javier Rivera Maysonet (Petitioner), *pro se*, filed a petition to rescind with the Board of Claims (Board) seeking to invalidate "Contract No. 3500/1999," for, among other reasons, breach of that contract by Lehigh County Court of Common Pleas President Judge Edward D. Reibman (Judge Reibman) and Lehigh County Court of Common Pleas Judge Maria L. Dantos (DA Dantos), who previously served in the Lehigh County District Attorney's Office. Petitioner was charged with and pled guilty to criminal homicide. The Docket No. for Petitioner's criminal case is CP-39-CR-0003500-1999.[1] DA Dantos represented the Commonwealth in Petitioner's criminal case. Judge Reibman presided over

---

[1] Petitioner submitted portions of the record from his criminal case along with his petition to rescind before the Board and with this Court on July 15, 2016.

Petitioner's criminal case, accepted Petitioner's guilty plea to criminal homicide and sentenced Petitioner to life imprisonment.

Although it is difficult to discern[2] the exact claim Petitioner sought to pursue before the Board, it appears from Petitioner's filing that he sought to invalidate his agreement to plead guilty to criminal homicide. Upon receipt of Petitioner's petition to rescind, the Board answered Petitioner with a letter stating that it had no jurisdiction over his claim. Petitioner appealed to this Court for review of the Board's rejection of his petition on jurisdictional grounds.

Before this Court, Petitioner argues that jurisdiction over his petition to rescind is properly vested with the Board and that his plea agreement constituted a contract with officers of the Commonwealth acting in their official capacity, a contract which those officers failed to enter into with clean hands and subsequently breached. The Board contends that it is without jurisdiction because Petitioner's claim does not arise from a contract as defined by the Commonwealth Procurement Code (Code), 62 Pa. C.S. §§ 101-2311, and because Petitioner's claim is not against an agency of the Commonwealth. We agree with the Board.[3]

In 2002 the General Assembly enacted amendments to the Code that repealed the Board of Claims Act, Act of May 20, 1937, P.L. 728, *as amended*, *formerly* 72 P.S. §§ 4651-1 to 4651-10, repealed by Act of December 3, 2002, P.L. 1147, and, among other changes, set forth the Board's jurisdictional grant in Section 1724 of the Code. 62 Pa. C.S. § 1724; s*ee Scientific Games International,*

---

[2] In addition to Petitioner's *pro se* status, Petitioner states in the argument section of his brief that his English language reading and writing skills are limited.

[3] Jurisdictional issues present pure questions of law over which this Court has plenary review. *Scientific Games International, Inc. v. Commonwealth*, 66 A.3d 740, 749 (Pa. 2013).

*Inc. v. Commonwealth*, 66 A.3d 740, 744 (Pa. 2013) (Section 1724 of the Code provides the Board with exclusive jurisdiction "to arbitrate claims arising from contracts entered into by Commonwealth agencies in accordance with the [Code]."); *Dubaskas v. Commonwealth, Department of Corrections*, 81 A.3d 167, 168 n.4 (Pa. Cmwlth. 2013) (holding that the Board's jurisdiction did not extend to claims arising from employment contracts entered into with the Commonwealth). Section 1724 of the Code limits the Board's jurisdiction to claims arising from a "contract" or "written agreement" entered into or executed by a "Commonwealth agency." 62 Pa.C.S. § 1724. Agreements which are not with a Commonwealth agency as that term is defined by the Code or which do not fall within the definition of contract found within the Code are outside the Board's jurisdiction and consequently cannot be pursued before the Board.

The Code defines "Commonwealth agency" as "[a]n "executive agency, an independent agency, or a State-affiliated agency." 62 Pa.C.S. § 103. The definitions of the terms executive agency, independent agency, and state-affiliated agency specifically exclude "any court or other officer or agency of the unified judicial system." *Id*.; *compare Precision Marketing, Inc. v. Republican Caucus of the Senate of PA/AKA Senate of PA Republican Caucus*, 78 A.3d 667, 669 (Pa. Cmwlth. 2013) (The Board determined that it was without jurisdiction and transferred this matter to the Commonwealth Court's original jurisdiction because the Senate Republican Caucus was not a Commonwealth agency within the meaning of the Code).

The definitions section of the Code does not contain a specific definition for the term "written agreement" as distinct from a "contract." Section 103 of the Code, 62 Pa. C.S. § 103. The Code defines a "contract" as a "type of

3

written agreement, regardless of what it may be called, for the procurement or disposal of supplies, services or construction and executed by all parties in accordance with," the Commonwealth Attorneys Act.[4] The jurisdictional section of the Code limits written agreements within the Board's jurisdiction to those "executed by a Commonwealth agency and the Office of Attorney General in which the parties expressly agree to utilize the board to arbitrate disputes arising from the agreement." Section 1724 of the Code, 62 Pa. C.S. § 1724.

In his petition to rescind filed with the Board, Petitioner named two individuals as respondents. Neither of these individuals are a Commonwealth Agency within the meaning of the Code and to the extent that Petitioner's filing could be construed to name a court, officer or agency of the unified judicial system as a respondent, the Code specifically excludes claims arising from contracts with a court, officer or agency of the unified judicial system from the Board's jurisdiction.

Furthermore, Petitioner's plea agreement does not fall within the definition of contract or other written agreement over which the Board has jurisdiction. Petitioner's plea agreement did not concern the procurement or disposal of supplies, services or construction, and was not executed in accordance with the Commonwealth Attorney's Act; therefore, Petitioner's plea agreement is not a contract over which the Board has jurisdiction pursuant to the Code. Petitioner's plea agreement was not executed by a Commonwealth agency, as that term is defined in the Code, and the Office of the Attorney General, and the parties who did participate in the execution of Petitioner's plea agreement did not expressly agree to utilize the Board to arbitrate disputes arising from the plea

---

[4] Act of October 15, 1980, P.L. 950, 71 P.S. §§ 732-101 to 732-506.

agreement; therefore, Petitioner's plea agreement is not a written agreement other than a contract over which the Board has jurisdiction. As a result, Petitioner's plea agreement is not a contract within the Board's jurisdiction.

Accordingly, the Board's dismissal of Petitioner's petition to rescind for lack of jurisdiction is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Javier Rivera Maysonet,     :
           Petitioner     :
           :
       v.     : No. 430 C.D. 2016
           :
Pennsylvania Board of Claims     :
           Respondent     :


## O R D E R


AND NOW, this 6th day of October, 2016, the Pennsylvania Board of Claim's February 18, 2016 dismissal of Carlos Javier Rivera Maysonet's Petition to Rescind is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**